O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CYNTHIA RIEUX,<br><br>             Plaintiff,<br><br>             v.<br><br>JO ANNE B. BARNHART,<br>Commissioner of the Social<br>Security Administration,<br><br>             Defendant. | Case No. CV 04-06772-MLG<br><br>ORDER AWARDING ATTORNEY FEES<br>PURSUANT TO 42 U.S.C. § 406(b) |

**I.   Introduction**

On March 23, 2005, this Court ordered that Plaintiff's application for Social Security disability benefits be remanded to the defendant Commissioner for further proceedings, pursuant to the stipulation of the parties. After a second administrative hearing on the merits, the Social Security Administration awarded Plaintiff $67,840.00 in back benefits. Now pending before the Court is the petition of Plaintiff's counsel, Laura Lackey-Krank, for attorney fees in the amount of $7000.00 for her representation of Plaintiff in this matter.

Defendant filed a response which neither opposes nor supports the petition. Rather, Defendant's position is only that the requested net fee of $5,200 (i.e., $7,000 less the $1,800 previously received by Plaintiff's counsel under the Equal Access to Justice Act ["EAJA"]) must be "reasonable" under the guidelines enunciated in *Gisbrecht v. Barnhart*, 535 U.S. 789, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002). After careful consideration, the court finds that $7,000 for 9.6 hours of work by Plaintiff's counsel and 3.9 hours of paralegal work is not "reasonable." For the reasons stated below, the court will award attorney fees in the amount of $4679.57

**II.  Discussion and Analysis**

Plaintiff's counsel brings this petition pursuant to 42 U.S.C. § 406(b), which provides in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

In *Gisbrecht*, supra, the Supreme Court resolved a division among the federal circuits on the appropriate method of calculating attorney fees under § 406(b). Rejecting the "lodestar method" which several of the circuits (including the Ninth Circuit) had been applying, the Supreme Court held:

///

> [Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court.  Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases.  Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits...  Within the 25 percent boundary,...the attorney for the successful claimant must show that the fee sought is **reasonable for the services rendered**.

122 S.Ct. at 1828 (emphasis added).

In determining whether the $7,000 award sought by Plaintiff's counsel is "reasonable for the services rendered" here, the Court has considered a number of factors.  Several of these factors fall in favor of Plaintiff's counsel.

Under the terms of the contingent fee agreement between Plaintiff and Plaintiff's counsel, Plaintiff's counsel would be entitled to fees corresponding to 25% of the back benefits awarded. Plaintiff agreed to the 25% contingency and the $7,000 sought represents less than half of the agreed upon amount.[1]  The Court has no basis for finding that there was any fraud or overreaching by counsel in the making of the contingent fee agreement with Plaintiff.

///

---

[1] Under the 25% contingency agreement, counsel would be entitled to a maximum of $16,960 in fees. That amount has been withheld from the award of benefits. The $7000 sought by counsel is approximately 10.3% of the benefits award.

1    In addition, there is no excessive delay attributable to counsel which would unduly increase the back benefits accumulated during the pendency of the case in court.

However, although the $7,000 fee sought here is within the acceptable range, counsel's requested fee is not "reasonable for the services rendered." Plaintiff's counsel is seeking a fee that is more than double the average fee for even the top 10% of similarly situated attorneys.

As noted above, Plaintiff's counsel is seeking compensation for 9.6 hours of attorney time and 3.9 hours of paralegal time rendered in connection with Plaintiff's representation before the Court. The economic data provided by Plaintiff's counsel indicates that the average hourly rate in 2000 was approximately $171 per hour for associates[2] and $87 per hour for paralegals in small firms in California. Based on these numbers, Plaintiff's counsel could expect to receive a total fee of $1980.90 (i.e., $1641.60 for attorney fees and $339.30 for paralegal fees) if this case was taken on a non-contingency basis.

Based on the same 2000 figures, small firms in the upper 10% can expect a rate of $250 per hour for associates and $120 per hour for paralegals. Multiplying these figures by the hours worked in this case amounts to a total of $2,868.00 in fees (i.e., $2400.00 in attorney fees and $468 in paralegal fees) had this not been a contingency fee case.

Finally, counsel contends that these figures should be adjusted for inflation. Plaintiff claims that currently, the average hourly

---

[2] Based upon the information provided, it is clear that counsel is an associate at the firm.

4

rates in the upper decile would be $295.02 for associates and $141.61 for paralegals. Based on the Defendant's calculations, a lodestar based upon these figures would be 3,342.55.[3]

A fee of $7,000 represents approximately $617 per hour for Plaintiff's counsel and $274 per hour for the paralegal, which amounts to more than three times the median fees and more than two times the fees that could be expected from a top 10% firm as adjusted for inflation. An award in this amount would result in an unwarranted windfall for counsel.

Plaintiff's counsel contends that the rates in the upper 10% are appropriate here, and Defendant has presented no evidence to refute this. Even accepting that Plaintiff's counsel provided representation consistent with a fee in the top 10%, the Court cannot accept that an enhancement over 100% is reasonable. While the risk of nonpayment (i.e., the "contingency factor") inherent in contingency-fee cases serves to justify some enhancement, an enhancement this large is unreasonable. Plaintiff's counsel has not provided any evidence that there was anything about this case that was factually or legally extraordinary or that it somehow had a very low risk of success. Indeed, this case appears to be a very routine Social Security case.

///
///
///
///
///

---

[3] The court rejects the notion that the cost of living index for legal fees should be calculated at a higher percentage than that of the CPI-U.

Accordingly, the Court finds that an enhancement of 40% over the fee which would have been charged in the upper 10%, adjusted for inlation, sufficiently ensures the reasonableness of the fee.  A total fee of $4679.57 (i.e., $3342.55 multiplied by 1.4) is therefore appropriate.[4]

### III. Conclusion

Based upon the foregoing considerations, the Court finds and concludes that the $7,000 in fees sought by Plaintiff's counsel is unreasonable, and that a reduction is warranted.  The petition for $7,000 in gross attorney fees pursuant to 42 U.S.C. § 406(b) is **DENIED** and gross fees in the sum of $4679.57  are hereby awarded. Upon payment by the Commissioner of such amount out of the withheld back benefits, Plaintiff's counsel shall refund to Plaintiff the lesser EAJA fee of $1,800.00 (which the Defendant has already paid to Plaintiff's counsel).  **IT IS SO ORDERED.**

Dated: December 13, 2006            */s/ Marc L. Goldman*

                                    _____
                                    Marc L. Goldman
                                    United States Magistrate Judge

---

[4] This number results in an hourly rate of $588.00 for counsel and $210 for the paralegal.  These hourly rates shall not be cited as establishing a current hourly rate for attorneys or paralegals practicing in this area if the law.